UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GARZA, | No. C 10-2919 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| SALINAS VALLEY STATE PRISON, | |
| Respondent. | |

Petitioner, an inmate at Salinas Valley State Prison, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his petition, he complains about the handling of his administrative appeals at the prison.

The petition does not attempt to challenge either the petitioner's conviction or the length of his sentence. Success in this action would not result in his release or any change in his sentence. Where, as here, a successful challenge to a prison condition or to action by an outside party will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404

1 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas
2 petition as a civil rights complaint is that the two forms used by most prisoners request different
3 information and much of the information necessary for a civil rights complaint is not included
4 in the habeas petition filed here. Examples of the potential problems created by using the habeas
5 petition form rather than the civil rights complaint form include the potential omission of
6 intended defendants, potential failure to link each defendant to the claims, and potential absence
7 of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to
8 pay the civil action filing fee of $350.00 rather than the $5.00 habeas filing fee to pursue his
9 claims. The habeas versus civil rights distinction is not just a matter of using different pleading
10 forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner
11 has no right to a jury trial on his claims, (2) the court may be able to make credibility
12 determinations based on the written submissions of the parties in a habeas action, (3) state court
13 (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the
14 proper respondent in a habeas action is the warden in charge of the prison, but he or she might
15 not be able to provide the desired relief when the prisoner is complaining about a condition of
16 confinement or an event unrelated to the prison, and (5) damages cannot be awarded in a habeas
17 action. While a prisoner may think he has found a loophole that allows him to save $345.00 –
18 by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee for a civil action
19 – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be
20 charged the $350.00 filing fee. It is not in the interest of judicial economy to allow prisoners to
21 file civil rights actions on habeas forms because virtually every such case, including this one,
22 will be defective at the outset and require additional court resources to deal with the problems
23 created by the different filing fees and the absence of information on the habeas form.

24 Even though conditions of confinement claims should be brought in a civil rights action
25 rather than a habeas action, the particular claimed unlawful condition here is not actionable. As
26 a result, filing a civil rights action asserting a claim about the handling of his administrative
27 appeals will not be helpful to him. While he may or may not have a claim about the underlying
28

1 problem that prompted him to try to file a grievance, a claim that the grievance was handled
2 improperly will not be actionable because there is no federal constitutional right to a prison
3 administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d
4 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).  The denial
5 of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause
6 itself and the State of California has not created a protected interest in an administrative appeal
7 system in its prison.  California Code of Regulations, title 15 sections 1073 and 3084.1 grant
8 prisoners a purely procedural right: the right to have a prison appeal.  The regulations simply
9 require the establishment of a procedural structure for reviewing prisoner complaints and set
10 forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal.
11 Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or
12 parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides procedural
13 requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty
14 interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d
15 at 1430 (prison grievance procedure is procedural right that does not give rise to protected
16 liberty interest requiring procedural protections of Due Process Clause).  Petitioner had no
17 federal constitutional right to a properly functioning appeal system.  An incorrect decision on
18 an administrative appeal or failure to process the appeal in a particular way therefore would not
19 amount to a violation of his right to due process.

20    For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without
21 prejudice.  The clerk shall close the file.

22    The in forma pauperis application is GRANTED.  (Docket # 3.)

23    IT IS SO ORDERED.

24 DATED: January 11, 2011

_____
SUSAN ILLSTON
United States District Judge

3